IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUIS MIGUEL RUIZ | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-80 |
| | § | |
| SWIFT TRANSPORTATION CO. | § | |
| OF ARIZONA, LLC, JOSE SANTOS | § | |
| SALAS ROBLES, AND JOSE | § | |
| ROBERTO CASTILLO | § | |
|     Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LUIS MIGUEL RUIZ, Plaintiff herein, complaining of SWIFT TRANSPORTATION, JOSE SANTOS SALAS ROBLES and JOSE ROBERTO CASTILLO, Defendants herein, and would show the Court as follows:

**PARTIES**

1. Plaintiff, LUIS MIGUEL RUIZ, is an individual and citizen of the State of Texas and resides in Laredo, Webb County, Texas.

2. Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, (hereinafter referred to as Defendant SWIFT), is a corporation that is incorporated under the laws of the State of Delaware. Defendant SWIFT has its principal place of business in the State of Arizona. Although Defendant is a non-resident of the state of Texas, it has actively engaged in business in the state of Texas after seeking and receiving authority to do business in this state by and through the Texas Secretary of State. Defendant has duly

designated a registered agent in the state of Texas to receive legal process. Consequently, this Defendant may be served with process by personally serving its agent for service of process, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3.      Defendant, JOSE SANTOS SALAS ROBLES, (hereinafter referred to as Defendant SALAS ROBLES), is an individual and citizen of the Republic of Mexico, in the Mexican state of Tamaulipas.  This Defendant has sought and received authority to operate a commercial motor vehicle on the roadways of the State of Texas. As an extension of that authority this Defendant has consented to personal jurisdiction by United States courts for suits arising out of the operation of commercial motor vehicles. Consequently, and pursuant to federal rule, specifically Sections 13303(a) and 13304(a) fo the ICC Termination Act of 1995,  this Defendant has designated a resident of the state of Texas as a registered agent to receive and accept service of legal process in his name. As such, this Defendant may be served with process by personally serving its agent for service of process, Ricardo Gomez, 414 Rienda Dr., Laredo, Texas 78045. Alternatively, by virtue of the fact that this suit stems from the operation of a motor vehicle on the public roads of Texas, as more particularly described below, Defendant has appointed the Chairman of the State Highway and Public Transportation Commission as his agent and whom citation may be served in accordance with Sections 17.062 and 17.063 of the Texas Civil Practices and Remedies Code.  Therefore, this Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested,

to the Chairman of Texas Transportation Commission, Mr. Ted Houghton, at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified mail, return receipt requested, to Defendant SALAS ROBLES' residence, 906 Miguel Trillo, Nuevo Laredo, Tamaulipas, Republic of Mexico, 88284.

4. Defendant, JOSE ROBERTO CASTILLO, (hereinafter referred to as Defendant CASTILLO), is an individual and citizen of the Republic of Mexico, in the Mexican state of Tamaulipas. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of Texas Transportation Commission, Mr. Ted Houghton, at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified mail, return receipt requested, to Defendant CASTILLO'S residence, 906 Miguel Trillo, Nuevo Laredo, Tamaulipas, Republic of Mexico, 88284.

## JURISDICTION

5. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(2) because Plaintiff and Defendants are citizens of different U.S. states and a foreign state, and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), excluding interest and costs. Specifically, Plaintiff is a citizen of the State of Texas. Defendant SWIFT is a corporation incorporated under the laws of State of Deleware with its principal place of business in the State of Arizona. Defendants SALAS ROBLES and

CASTILLO are citizens of the Republic of Mexico in the Mexican state of Tamaulipas.

## VENUE

6. Venue is proper in this district because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b). This claim arises out of a motor vehicle collision occurring on May 14, 2013 in Laredo, Webb County, Texas.

## FACTS

7. Plaintiff LUIS MIGUEL RUIZ, would show the Court that on or about May 14, 2013, he was driving a 2001 blue F-350 Tow-truck in a careful, cautious and prudent manner traveling eastbound on Jefferson Street in Laredo, Texas. At the same time Defendant CASTILLO was operating a 2000 white Freightliner tractor truck towing a white International box trailer and traveling northbound on a private road, driveway or alleyway approaching Jefferson Street. Plaintiff RUIZ approached on Jefferson Street and possessed the right of way. There are no traffic control devices directing traffic on that part of Jefferson Street. Defendant CASTILLO suddenly and unexpectedly entered Jefferson street from a side street without stopping and yielding the right of way to traffic traveling on Jefferson Street and caused a collision with Plaintiff's vehicle. At the time of the impact, Defendant Ruiz was employed by or engaged in a joint venture with Defendant SALAS ROBLES. Defendant CASTILLO was also the statutory employee of Defendant SWIFT. As a result of the impact, Plaintiff RUIZ suffered injuries to his neck, right shoulder, mid-back, low back, right knee and ankle.

## NEGLIGENCE OF DEFENDANT CASTILLO

7. In causing the collision of the vehicles involved, Defendant CASTILLO was guilty of various acts or omissions which constitute negligence as enumerated below, each of which constitutes a proximate cause of Plaintiff's injuries and damages, to wit:

   a. In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

   b. In failing to safely operate the vehicle he was driving while in the course and scope of his employment as a reasonable and prudent person would have done under the same or similar circumstances;

   c. In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

   d. In failing to timely apply the brakes to the vehicle he was operating in order to avoid the collision in question;

   e. In failing to take proper evasive action in order to avoid said collision;

   f. In failing to control the speed of his vehicle as a reasonable and prudent person would have done;

   g. In turning his vehicle from a direct course when it was unsafe to do so; and,

   h. In failing to yield the right of way to traffic on a main roadway when exiting a private drive or alley way in violation of Texas Transportation Code § 545.155.

8. Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

## RESPONDEAT SUPERIOR

9. At the time of the collision described above, Defendant CASTILLO, was the agent, servant, and/or employee of Defendant SALAS ROBLES and/or Defendant

SWIFT, and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant SALAS ROBLES and/or Defendant SWIFT.  Defendant CASTILLO, was operating his 2000 white Freightliner tractor truck towing a white International box trailer on the public streets and highways of Texas in furtherance of Defendants, Defendant SALAS ROBLES and/or Defendant SWIFT's business. Defendant CASTILLO was operating his 2000 white Freightliner tractor truck towing a white International box trailer with the knowledge, and consent of Defendants, Defendant SALAS ROBLES and/or Defendant SWIFT.   Therefore, Defendants Defendant SALAS ROBLES and/or Defendant SWIFT, are liable under the doctrine of Respondeat Superior.

      10    Defendant CASTILLO was an employee of Defendant SALAS ROBLES.  The truck Defendant CASTILLO, drove on the day of the subject incident was leased to Defendant SWIFT, making Defendant CASTILLO a "statutory employee" of Defendant SWIFT.  As such, Defendant SALAS ROBLES and/or Defendant SWIFT, are liable for the acts of their employee/agent.  Defendant CASTILLO was in the course and scope of his employment with Defendant SALAS ROBLES and/or Defendant SWIFT.  Defendant SALAS ROBLES and/or Defendant SWIFT, were in the trucking business for profit.  They were interstate motor carriers as defined.  As such, there was a joint enterprise for profit by Defendants, CASTILLO, SALAS ROBLES and Defendant SWIFT.

      11.    Pleading in the alternative and without waiving the foregoing, Plaintiff alleges that at the time of the collision made the basis of this action, Defendant CASTILLO was performing his duties as driver for Defendant SALAS ROBLES and/or

Defendant SWIFT and was a vice-principal of Defendant SALAS ROBLES and/or Defendant SWIFT, including but not limited to the fact that Defendant CASTILLO was engaged in the performance of nondelegable duties of Defendant SALAS ROBLES and/or Defendant SWIFT. Further, Defendant SALAS ROBLES and/or Defendant SWIFT ratified Defendant CASTILLO's conduct at the time of the incident complained of herein.

12. Pleading in the alternative and without waiving the foregoing, Plaintiff alleges that Defendants CASTILLO, SALAS ROBLES and SWIFT were engaged in a joint enterprise in that they entered in an arrangement whereby they all agreed to transport box trailers across the international border at the port of entry in Laredo, Texas. Each of them shared control of the tractor-trailer combination by actually operating the vehicle, providing the required federal operating authority, and lease agreement that set out and directed the conditions under which payment and services were to be received and provided, respectively.

## **DAMAGES**

13. Plaintiff RUIZ, would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, he sustained injuries to his neck, right shoulder, mid-back, low back, right knee and ankle, and he has suffered physical pain and mental anguish in the past and in all reasonable probabilities will continue to so suffer in the future; he has suffered physical impairment in the past and in all reasonable probabilities will continue to so suffer in the future; he has suffered impairment to earning capacity in the past and in all reasonable probability will continue to suffer a loss of wage

earning capacity in the future. Plaintiff RUIZ, has incurred reasonable and necessary medical expenses for the proper treatment of his injuries in the past and in all reasonable probabilities will continue to incur medical expenses in the future.

## JURY DEMAND

14.     The Plaintiff demands a jury trial on all issues which may be tried to a jury.

## PRAYER

15.     Premises considered, the Plaintiff asks that the Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants for Plaintiff's actual damages in the amount of One Million, One Hundred Thousand Dollars ($1,100,000.00), pre-judgement and post-judgement interest, for costs of court and for such other and further relief, both general and special, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,
**KNICKERBOCKER, HEREDIA, JASSO & STEWART, P.C.**
468 Main Street
Eagle Pass, Texas 78852
Tel:   830/773-9228
Fax:   830/773-2582
borderlawyer@hotmail.com


By: /s/ Marco A. Salinas
    **Marco A. Salinas**
    State Bar No. 00794583

ATTORNEYS FOR PLAINTIFF